Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/20/2024 09:12 AM CST

State of Nebraska, appellee, v.
Anthony J. Garcia, appellant.
___ N.W.3d ___

Filed December 20, 2024.    No. S-24-113.

1. **Motions for New Trial: Appeal and Error.** An appellate court applies a de novo standard when reviewing a trial court's dismissal of a motion for new trial without conducting an evidentiary hearing, but it applies an abuse of discretion standard of review to appeals from motions for new trial denied after an evidentiary hearing.

2. **Criminal Law: Motions for New Trial: Evidence: Proof.** When a defendant seeks a new trial on the ground of newly discovered evidence, the evidentiary hearing provisions of Neb. Rev. Stat. § 29-2102(2) (Reissue 2016) are satisfied if the motion and supporting affidavits, depositions, or oral testimony set forth sufficient facts which, if true, establish that (1) the new evidence existed at the time of trial but could not, with reasonable diligence, have been discovered and produced at trial and (2) such evidence is so substantial that with it, a different verdict would probably have been reached at trial.

3. **Effectiveness of Counsel: Proof.** Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.

Appeal from the District Court for Douglas County, LeAnne M. Srb, Judge. Affirmed.

Jerry M. Hug, of Hug & Jacobs, L.L.C., for appellant.

Michael T. Hilgers, Attorney General, and Stacy M. Foust for appellee.

Funke, C.J., Miller-Lerman, Cassel, Stacy, and Papik, JJ.

Papik, J.

Anthony J. Garcia, an individual convicted of four counts of first degree murder, along with other charges, filed a motion for new trial. He claimed that newly discovered evidence suggested that he was not competent during earlier proceedings. The district court denied the motion for new trial, and Garcia now appeals. We affirm.

## BACKGROUND

*Convictions, Sentences, and Motion for New Trial.*

Garcia was charged with a number of crimes arising out of allegations that he killed two people in Omaha, Nebraska, in 2008, left the city, and then returned to kill two more people in 2013. Charges brought by the State included four counts of first degree murder for which the State sought the death penalty. In October 2016, a jury found Garcia guilty of four counts of first degree murder, four counts of use of a weapon to commit a felony, and one count of attempted robbery. The same jury found aggravating circumstances with respect to the murder convictions. Following a mitigation hearing that began nearly 2 years later in June 2018, a sentencing panel sentenced Garcia to death on each of his four murder convictions.

We affirmed Garcia's convictions and sentences on direct appeal. See *State v. Garcia*, 315 Neb. 74, 994 N.W.2d 610 (2023). In the direct appeal, Garcia raised a number of assignments of error regarding his competency during proceedings in the district court. We found no merit to those assignments of error.

While Garcia's direct appeal was pending in this court, he filed in the district court a motion for new trial pursuant to Neb. Rev. Stat. § 29-2101(5) (Reissue 2016). Garcia's motion alleged that he had obtained newly discovered evidence tending to show that he was incompetent during the mitigation hearing and that he may have been incompetent during earlier proceedings.

Garcia's motion began by making a number of assertions regarding his condition during earlier proceedings in the district court. Garcia asserted that prior to trial, he was hospitalized so that his competency could be evaluated, but that the district court determined he was competent to stand trial. He also stated that throughout the proceedings, he did not communicate with his lawyers or his family, and that during the mitigation hearing, he did not wear shoes or socks, his hair was not combed, and he sat in a wheelchair and appeared to be asleep or unconscious.

Garcia's motion then made assertions regarding medical treatment he received after he was sentenced. Garcia alleged that in January 2019, psychotropic medication was involuntarily injected into his body pursuant to an "Involuntary Medication Order" because he suffered from "a serious mental illness." Garcia asserted that a June 2019 request to continue the treatment noted that after the injections began, he improved his hygiene, maintained activities of daily living, ate his meals, interacted with prison staff, and complied with his medications. Garcia asserted in his motion that "[t]he effects of the psychiatric medication is compelling evidence that [he] was not competent at his mitigation hearing and he may have been incompetent at prior proceedings including trial, in violation of his substantial rights to due process of law . . . ." Garcia stated that his counsel obtained records in October 2019 regarding the involuntary medication and that his counsel could not have reasonably discovered those records earlier.

In addition to statements regarding his mental health, the motion for new trial made brief assertions regarding Garcia's ability to hear. Garcia alleged that he was examined by an audiologist in prison on September 14, 2020, diagnosed with "'profound hearing loss,'" and fitted for hearing aids. The motion stated that "[t]here is a possibility" that Garcia had auditory processing disorder at the time of trial and sentencing, but he has not been examined for it. This disorder, according to Garcia, would have caused him to have had issues

processing and understanding words "even if he had the ability to hear them."

Attached to Garcia's motion was an affidavit of one of his attorneys at that time. The attorney stated, "Affiant believes the facts set out in the foregoing motion of new trial are true."

*Hearing on Motion for New Trial.*

In November 2023, about 2 months after our mandate was issued in Garcia's direct appeal, the district court held a hearing addressing Garcia's motion for new trial. At the hearing, Garcia's counsel stated that he wished to submit to the district court exhibits that supported the affidavit attached to the motion. Garcia's counsel offered Garcia's psychiatric hospital discharge summaries from 2014 and 2016, evidence from a 2017 court hearing regarding Garcia's competency, documentation of a physician's examination of Garcia's hearing, and Garcia's medical file from prison containing records about the involuntary medication.

The State objected to the prison medical records because it did not believe they qualified as "newly discovered." The State requested that it be allowed to submit a written objection to those exhibits, and it informed the court that it would also be objecting to the motion for new trial, either by filing an objection or a motion to dismiss. The district court granted the State's request and allowed the parties to submit simultaneous briefs on both the exhibits and their positions on the motion. Ultimately, Garcia submitted a brief, and the State did not.

*District Court Dismissal Order.*

The district court denied Garcia's motion for new trial. In its written order, the district court referred to the hearing above as a "status hearing."

The district court found that the "evidence of the 2019 medication's efficacy is not the type of 'newly discovered evidence' that could entitle Garcia to a new trial" because the evidence did not exist at the time of the 2016 trial or the 2018 mitigation hearing. The district court further found that Garcia's "2019

apparent response to medication" did not disprove the trial court's prior findings regarding Garcia's competency.

The district court also found Garcia's motion for new trial was untimely. It observed that while Garcia's motion asserted that his attorneys received information about the involuntary medication's effectiveness in October 2019, the motion was not filed until October 2022 and contained no explanation for this 3-year delay. On this basis, the district court concluded that Garcia's motion was not filed "within a reasonable time after the discovery of the new evidence," as provided in Neb. Rev. Stat. § 29-2103(4) (Reissue 2016).

Garcia, represented by new counsel, appeals.

## ASSIGNMENTS OF ERROR

Garcia assigns two errors on appeal. First, he contends that the district court erred in denying the motion for new trial. Second, he asserts that, to the extent his counsel failed to file his motion for new trial earlier, he received ineffective assistance of counsel.

## STANDARD OF REVIEW

[1] The standard of review governing motions for new trial brought pursuant to § 29-2101(5) is well-established. An appellate court applies a de novo standard when reviewing a trial court's dismissal of a motion for new trial without conducting an evidentiary hearing, but it applies an abuse of discretion standard of review to appeals from motions for new trial denied after an evidentiary hearing. *State v. Boppre*, 315 Neb. 203, 995 N.W.2d 28 (2023).

Despite the clearly established standard of review, the parties disagree about the applicable standard of review because they disagree about the nature of the hearing that took place in the district court. Garcia argues that the district court conducted an evidentiary hearing and that therefore, this court should determine whether the district court abused its discretion by denying his motion for new trial. The State counters that the district court's hearing was a preliminary hearing

designed to assist the district court in determining whether an evidentiary hearing was required. See *id*. In the State's view, the district court denied Garcia's motion without an evidentiary hearing, and we should therefore review de novo whether that decision was correct.

We agree with the State that the district court did not hold an evidentiary hearing on Garcia's motion. In its order denying the motion for new trial, the district court referred to the November 2023 hearing as a "status hearing." Nowhere did the district court suggest that it had determined that Garcia was entitled to an evidentiary hearing on his motion for new trial. Accordingly, we review de novo whether the district court erred in denying Garcia's motion for new trial without conducting an evidentiary hearing.

While it is our conclusion that the district court did not hold an evidentiary hearing, we express no view on whether the materials submitted by Garcia at the November 2023 hearing were the type of records that are properly received at a records or status hearing. See *id.*

## ANALYSIS

*Denial of Motion for New Trial.*

Garcia argues that the district court erred by denying his motion for new trial. He contends that the district court was wrong to conclude that he failed to identify "newly discovered evidence" for purposes of § 29-2101(5) and wrong to conclude that his motion was not timely.

The State defends the district court's reasons for denying Garcia's motion and also offers several other reasons that it contends support the denial. Specifically, the State argues that a motion for new trial is not the proper vehicle to raise what it asserts is essentially a challenge to Garcia's competency to stand trial; that Garcia's motion was not supported by the types of evidence required by Neb. Rev. Stat. § 29-2102(1) (Reissue 2016); and that, even if other issues regarding Garcia's motion could be set aside, the evidence he identified was insufficient to entitle him to an evidentiary hearing on his motion for new

trial. We find it unnecessary to address all of the arguments made by the State because, as we will explain, we are persuaded that Garcia's motion and supporting documents fail to set forth facts that, even if assumed true, would entitle him to an evidentiary hearing.

In *Boppre*, a recent case in which a criminal defendant sought a new trial pursuant to § 29-2101(5), we discussed "the various statutory requirements that must be satisfied to avoid dismissal of a motion for new trial without an evidentiary hearing." *State v. Boppre*, 315 Neb. 203, 222, 995 N.W.2d 28, 45-46 (2023). We explained that to analyze whether a defendant is entitled to an evidentiary hearing based on claims of newly discovered evidence, courts must consider whether the defendant's motion and supporting documents (1) comport with the form and content requirements of §§ 29-2102 and 29-2103; (2) comport with the timeliness requirements of § 29-2103; and (3) set forth facts which, if true, satisfy the evidentiary hearing requirements of § 29-2102(2). See *Boppre, supra.* We made clear that if a defendant's motion and supporting documents fail to satisfy any one of these three requirements, the defendant is not entitled to an evidentiary hearing. *Id*. We find the third requirement dispositive in this case.

[2] In *Boppre*, we discussed what a defendant must do to satisfy the third requirement to avoid dismissal without an evidentiary hearing. We said:

> [W]hen a defendant seeks a new trial on the ground of newly discovered evidence, the evidentiary hearing provisions of § 29-2102(2) are satisfied if the motion and supporting affidavits, depositions, or oral testimony set forth sufficient facts which, if true, establish that (1) the new evidence existed at the time of trial but could not, with reasonable diligence, have been discovered and produced at trial and (2) such evidence is so substantial that with it, a different verdict would probably have been reached at trial.

*Boppre*, 315 Neb. at 226, 995 N.W.2d at 48.

In this case, we find that even assuming other requirements were satisfied, the motion and supporting documents failed to identify the existence of evidence so substantial that with it, a different verdict would probably have been reached at trial.

In the ordinary case, to determine whether newly discovered evidence is sufficiently substantial to warrant an evidentiary hearing, we assess the strength of the evidence the defendant claims is newly discovered, along with the strength of the evidence introduced at trial, and ask whether it is likely a different verdict would be reached at a hypothetical new trial at which all such evidence is received. See, e.g., *Boppre, supra*. See, also, *State v. Brown*, 310 Neb. 318, 327, 965 N.W.2d 388, 394 (2021) (explaining defendant is entitled to new trial based on newly discovered evidence when such evidence "is so potent that by strengthening evidence already offered, a new trial would probably result in a different verdict").

Under the foregoing framework, Garcia's motion clearly falls short. The evidence Garcia claims is newly discovered—evidence that he positively responded to involuntary medication in 2019 and that he was diagnosed with hearing loss in 2020—has no relevance to whether he committed the murders and other crimes with which he was charged. If a new trial were granted, we do not see how that evidence would even be admissible, much less so helpful to Garcia that it would probably lead to a different verdict.

Likely aware that the evidence he relies upon has no bearing on whether he committed the charged crimes, Garcia appears to argue that we should assess whether the evidence he relies upon is sufficiently substantial under a different framework. To that end, Garcia argues the evidence of his positive response to involuntary medication in 2019 suggests that he was not competent during the mitigation hearing and possibly not competent at trial. Garcia emphasizes that the U.S. Constitution does not permit the trial of an individual who is not mentally competent. He also asserts that if a new trial were held, the improvement in his mental health brought about

by involuntary medication would allow him to understand the proceedings and contribute to his defense in a way that he did not during the original proceedings.

We are not convinced that Garcia has identified evidence that is sufficiently substantial to warrant an evidentiary hearing, even under his proposed framework. Even assuming that a defendant would be entitled to a new trial if he or she obtained newly discovered evidence that suggested he or she probably lacked competency during earlier proceedings and thus should not have been tried at all, Garcia has not identified such evidence here. In our view, evidence that Garcia's mental health appeared to improve after he was involuntarily injected with medication does not suggest that he lacked competency during the guilt or penalty phase proceedings in the district court. As for Garcia's argument that he is entitled to a new trial because his improved condition would allow him to contribute to his defense at such a trial, we are also unpersuaded. Garcia's motion and supporting documents do not identify any specific way in which he would be able to contribute to his defense at a new trial, much less explain how his participation would probably result in a different outcome at a new trial.

Because Garcia's motion fails to identify the existence of evidence so substantial that with it, a different verdict would probably have been reached at trial, we find the district court did not err in denying his motion for new trial without an evidentiary hearing.

*Ineffective Assistance Claim.*

In addition to assigning that the district court erred by denying his motion for new trial, Garcia also includes an assignment of ineffective assistance of counsel. Garcia contends that to the extent his counsel failed to file his motion for new trial in a timely manner, he received ineffective assistance of counsel.

We note that it is not clear that Garcia had a constitutional right to effective counsel for purposes of a motion for new trial

based on newly discovered evidence. While the U.S. Supreme Court has held that the Sixth Amendment guarantees a right to effective counsel at trial and on direct appeal, Garcia's motion for new trial based on newly discovered evidence appears to be a collateral attack on his conviction. See *State v. Harris*, 307 Neb. 237, 948 N.W.2d 736 (2020). We have held that there is no constitutional right to counsel in proceedings in which a defendant seeks to collaterally attack a conviction. See *State v. Poe*, 271 Neb. 858, 717 N.W.2d 463 (2006).

[3] But even assuming for the sake of argument that Garcia had a constitutional right to effective counsel in his motion for new trial proceedings, he cannot show that he was deprived of such a right. Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Haas*, 317 Neb. 919, 12 N.W.3d 787 (2024). Even if Garcia's motion for new trial had been filed earlier, the district court properly denied it without an evidentiary hearing for the reasons discussed above. Accordingly, he cannot establish that he was prejudiced by any deficient conduct on the part of his counsel.

## CONCLUSION

For the reasons we have discussed, we find the district court did not err in denying Garcia's motion for new trial without holding an evidentiary hearing. We therefore affirm.

AFFIRMED.

FREUDENBERG, J., not participating.