IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SOTO-BAKER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MELISSA S. SOTO-BAKER, APPELLANT.

Filed July 29, 2025.    No. A-25-196.

Appeal from the District Court for Nemaha County: JULIE D. SMITH, Judge. Affirmed.

Timothy W. Nelsen, of Fankhauser, Nelsen, Werts, Ziskey & Merwin, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

RIEDMANN, Chief Judge, and MOORE and FREEMAN, Judges.

RIEDMANN, Chief Judge.

## I. INTRODUCTION

Melissa S. Soto-Baker appeals her convictions and sentences in the district court for Nemaha County. Finding no error, we affirm the judgment of the district court.

## II. BACKGROUND

Soto-Baker was charged with two counts of third degree assault on an officer, third degree assault, and resisting arrest. Pursuant to a plea agreement, Soto-Baker pled guilty to one count of third degree assault on an officer and third degree assault. The State dismissed the remaining charges. As a factual basis, the State entered the warrantless arrest affidavit into evidence, which asserted the following. In May 2023, law enforcement was called to a residence in Nemaha County. Soto-Baker was there and was intoxicated, became belligerent, and screamed profanities at the officers. She pushed one officer, and after being placed under arrest, she pulled away to attempt to

- 1 -

avoid being handcuffed. Soto-Baker refused to walk to the officer's car, forcing officers to carry her, and when officers attempted to place her in the car she kicked out at one of them. The district court accepted Soto-Baker's pleas, found her guilty, and ordered a presentence investigation report (PSI).

On January 10, 2024, Soto-Baker failed to appear for her sentencing hearing. As a result, the State amended the information to also charge Soto-Baker with failure to appear. The State later agreed to dismiss this charge but chose to wait until the rescheduled sentencing hearing to do so. On March 29, trial counsel filed a motion to withdraw. On April 3, the matter was scheduled for sentencing, but Soto-Baker again failed to appear. The district court decided the motion to withdraw would not be heard until Soto-Baker appeared in court.

In March 2025, Soto-Baker appeared in court, trial counsel informed the district court that Soto-Baker had agreed to allow him to continue representing her, and he withdrew the previously filed motion to withdraw. Soto-Baker pled guilty to the charge of failure to appear, and the State agreed not to file an additional charge of failure to appear.

Prior to entering her plea, Soto-Baker expressed some confusion about the process of an appeal. The district court explained that she could talk to her attorney about that and that she would need to appeal within 30 days. Soto-Baker confirmed there was nothing else she was confused about. After the district court accepted her plea, it stated it could proceed immediately to sentencing or do a bond review hearing. The district court noted that the PSI was about a year old, and Soto-Baker and trial counsel had an off-the-record discussion about the matter. Soto-Baker chose to proceed immediately to sentencing.

For her conviction of third degree assault on an officer, Soto-Baker was sentenced to a $1,000 fine. For her conviction of third degree assault, Soto-Baker was sentenced to 1 year's imprisonment. For her conviction of failure to appear, Soto-Baker was sentenced to 2 years' imprisonment. She received credit for 55 days served. Soto-Baker appeals.

## III. ASSIGNMENTS OF ERROR

Restated, Soto-Baker assigns that she received ineffective assistance of counsel when trial counsel failed to: (1) withdraw after issues between them became apparent, (2) fully explain the potential sentences and request an updated PSI, and (3) challenge the factual basis for the plea. She also assigns that (4) the sentences imposed by the district court are excessive and an abuse of discretion.

## IV. STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Swartz*, 318 Neb. 553, 17 N.W.3d 174 (2025). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in

determining the sentence to be imposed. *State v. Johnson*, 33 Neb. App. 194, 11 N.W.3d 703 (2024).

## V. ANALYSIS

### 1. INEFFECTIVE ASSISTANCE OF COUNSEL

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Haas*, 317 Neb. 919, 12 N.W.3d 787 (2024). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019).

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *Haas, supra*. The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id*. The determining factor is whether the record is sufficient to adequately review the question. *Id*.

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *Id*. When a claim of ineffective assistance of counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id*.

### (a) Failure to Withdraw

Soto-Baker assigns that trial counsel was ineffective in failing to withdraw after issues between them became apparent. When arguing this assigned error, Soto-Baker cites to various propositions of law. Her only argument as to how these propositions of law apply to her case is that Soto-Baker "herself filed a motion to continue the hearing asking to replace counsel and additional time after her arrest on the warrant." Brief for appellant at 15. She provides no analysis as to how trial counsel's performance was deficient, and we will not address this assigned error. See *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022) (conclusory assertions unsupported by coherent analytical argument fail to satisfy requirement that party asserting alleged error must both specifically assign and specifically argue it in party's initial brief).

### (b) Potential Sentences and Updated PSI

Soto-Baker assigns that trial counsel was ineffective in failing to fully explain the potential sentences and request an updated PSI. The extent of her argument as to the failure to fully explain the potential sentences, however, is as follows:

> Based on the ineffective assistance of counsel and lack of meaningful explanations of her rights, [Soto-Baker] was not able to make an informed decision in regards to whether to waive her rights to plead not guilty to Count V [failure to appear]. The Court should have continued the hearing when [Soto-Baker] said she was confused about the proceedings.

Brief for appellant at 16.

Soto-Baker does not provide an argument regarding counsel's alleged failure to explain the potential sentences; nor does she assign error to the court's failure to continue the hearing when she showed confusion. Therefore, she has failed to both assign and argue these errors. Consequently, we decline to address them. See *State v. Garcia*, 315 Neb. 74, 994 N.W.2d 610 (2023) (iterating that to be considered by appellate court, party asserting alleged error must both specifically assign and specifically argue error in party's initial brief).

As it relates to the failure to request an updated PSI, the district court noted that the PSI was a year old and that it did not know what had happened in Soto-Baker's life since that time. Soto-Baker and trial counsel had an off-the-record discussion when the district court asked if Soto-Baker would like to request an updated PSI or proceed to sentencing. After discussion with Soto-Baker, trial counsel informed the district court that Soto-Baker wished to proceed with sentencing. Soto-Baker did not contest this. She was aware the PSI was a year old and chose to proceed with sentencing. Trial counsel did not perform deficiently in failing to request a continuance as Soto-Baker specifically chose to proceed to sentencing without an updated PSI.

### (c) Challenge to Factual Basis

Soto-Baker assigns that trial counsel was ineffective in failing to challenge the factual basis for the plea. She argues that she informed the district court that she had not told trial counsel about all possible defenses to the charge of failure to appear and that the district court should have continued the hearing. To the extent these potential defenses affected the validity of the factual basis, Soto-Baker cannot prove deficient performance. After Soto-Baker informed the district court she had not discussed all possible defenses to her charge of failure to appear, the district court asked if she wanted more time to speak with her attorney. Soto-Baker declined the opportunity. Counsel cannot be deficient for failing to object to the factual basis based on information Soto-Baker has withheld particularly when she declined an opportunity to share it with him. This assignment of error fails.

### 2. EXCESSIVE SENTENCE

Soto-Baker assigns that the district court abused its discretion in imposing excessive sentences. Her argument to support this assigned error consists of references to a statute and various cases regarding the factors a sentencing court should consider when imposing sentence. However, as to how this specifically applies to her case, Soto-Baker argues only that "[t]here is no evidence that [she] contemplated that [her] actions would cause or threaten serious harm." Brief

for appellant at 18. She provides no further explanation as to why the sentences she received are an abuse of discretion, and we will not address this assigned error. See *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022) (conclusory assertions unsupported by coherent analytical argument fail to satisfy requirement that party asserting alleged error must both specifically assign and specifically argue it in party's initial brief).

## VI. CONCLUSION

The errors assigned on appeal fail or are insufficiently argued and not addressed. We affirm the judgment of the district court.

AFFIRMED.