IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. JOHNSON


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

FELISIA R. JOHNSON, APPELLANT.


Filed May 5, 2026.    No. A-25-883.


Appeal from the District Court for Lancaster County: MATTHEW O. MELLOR, Judge. Affirmed.

Christopher Eickholt, of Eickholt Law, L.L.C., for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.


RIEDMANN, Chief Judge, and BISHOP and WELCH, Judges.

RIEDMANN, Chief Judge.

### INTRODUCTION

Felisia R. Johnson appeals her conviction and sentence in the district court for Lancaster County. Finding no error, we affirm.

### BACKGROUND

Johnson was charged with possession of a controlled substance, a Class IV felony. Pursuant to a plea agreement, the State amended the charge to attempted possession of a controlled substance, a Class I misdemeanor, and Johnson pled no contest to the amended charge. The factual basis established that on September 1, 2024, law enforcement officers observed Johnson violating a stop sign while operating a motor vehicle. Officers initiated a traffic stop, Johnson exited the vehicle and consented to a search, and officers found a small, clear baggie with white residue in her pocket. The State laboratory tested the residue, which was positive for cocaine.

The district court accepted Johnson's plea, found her guilty of the amended charge, and ordered a presentence investigation report (PSI). For her conviction of attempted possession of a controlled substance, a Class I misdemeanor, Johnson received a sentence of 180 days' imprisonment. Johnson appeals.

## ASSIGNMENTS OF ERROR

Johnson assigns that she received ineffective assistance of counsel because trial counsel failed to request that the district court permit the defense to independently test, nor did trial counsel arrange to independently test, the residue and/or baggie to challenge or confirm the State's expert's opinion that the residue and/or baggie was, or contained, cocaine. Johnson also assigns that the sentence imposed by the district court was excessive and constituted an abuse of discretion.

## STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Swartz*, 318 Neb. 553, 17 N.W.3d 174 (2025). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Jones*, 318 Neb. 840, 19 N.W.3d 499 (2025).

## ANALYSIS

*Ineffective Assistance of Counsel.*

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Haas*, 317 Neb. 919, 12 N.W.3d 787 (2024). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). The two prongs of the ineffective assistance of counsel test under *Strickland* may be addressed in either order. *Blaha, supra*.

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *Haas, supra*. The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id*. The determining factor is whether the record is sufficient to adequately review the question. *Id*.

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *Id*. When a claim of ineffective assistance of counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id*.

Johnson assigns that she received ineffective assistance of counsel because trial counsel failed to request that the district court permit the defense to independently test, nor did trial counsel arrange to independently test, the residue and/or baggie to challenge or confirm the State's expert's opinion that the residue and/or baggie was, or contained, cocaine. We find that Johnson cannot establish a reasonable probability that but for counsel's failure to pursue independent testing, she would have insisted on going to trial rather than pleading no contest. Therefore, she cannot establish prejudice.

In support of this assigned error, Johnson argues that on at least two occasions, she directed counsel to independently test the residue and/or baggie. This portion of her argument is refuted by the record. At the plea hearing, Johnson specifically confirmed that there was nothing that she had asked of trial counsel that trial counsel had refused or neglected to do. Thus, the record refutes Johnson's assertion that she had requested trial counsel to obtain independent testing of the residue and baggie.

Johnson also argues that the decision not to obtain independent testing was a deliberate decision by trial counsel, and that "[t]rial counsel acquiesced in the opinion of the state's expert(s) that the baggie contained a controlled substance." Brief for appellant at 9. We note that defense counsel does not perform in a deficient manner simply by failing to make the State's job more difficult. See *State v. Ash*, 293 Neb. 583, 878 N.W.2d 569 (2016). At the plea hearing, Johnson confirmed that she had told trial counsel everything she knew about the case, that she was not aware of anything that could help her case that she had not discussed with trial counsel, and that she was satisfied with trial counsel's performance. Johnson heard the factual basis alleging that she possessed cocaine and confirmed that she still wished to plead to the charge. The plea agreement resulted in Johnson being convicted of a misdemeanor, rather than a felony.

Considering the colloquy at the plea hearing, as well as the plea agreement reducing her charge from a felony to a misdemeanor, Johnson cannot show a reasonable probability that but for counsel's failure to independently test the residue and/or baggie, she would have insisted on going to trial rather than pleading no contest. She cannot show prejudice, and this claim fails.

*Excessive Sentence.*

Johnson assigns that the sentence imposed by the district court was excessive and constituted an abuse of discretion. We disagree. Johnson was convicted of a Class I misdemeanor, which is punishable by a maximum sentence of not more than 1 year imprisonment, a $1,000 fine, or both, with no minimum sentence required. Neb. Rev. Stat. § 28-106 (Reissue 2016). For her conviction of a Class I misdemeanor, Johnson received a sentence of 180 days' imprisonment. This is within statutory limits, and we review for an abuse of discretion. An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if

its action is clearly against justice or conscience, reason, and evidence. *State v. Geller*, 318 Neb. 441, 16 N.W.3d 365 (2025).

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Jones*, 318 Neb. 840, 19 N.W.3d 499 (2025). A sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

At the time of sentencing, Johnson was 49 years old and had some college education. She had prior convictions for making false statements to a police officer, third degree assault, shoplifting, possession of marijuana less than 1 ounce, disturbing the peace, failure to appear, DUI, resisting arrest, criminal mischief, violating a harassment order, and possession of a controlled substance. In her level of service case management inventory, Johnson was assessed as high risk. She has had a previous term of probation revoked.

The district court stated that it had reviewed the PSI, as well as considered the comments of counsel and the relevant statutory factors. It referenced Johnson's score in the PSI and her history with controlled substances. On appeal, Johnson argues that the district court failed to meaningfully consider certain mitigating circumstances. The information Johnson highlights was presented to the district court in the PSI. Johnson is essentially asking us to reweigh the sentencing factors, but this court does not conduct a de novo review of the record to determine what sentence we would impose. See *State v. Sutton*, 319 Neb. 581, 24 N.W.3d 43 (2025)

Johnson also argues that the district court failed to meaningfully articulate the factors it believed warranted the sentence imposed. A sentencing court is not required to articulate on the record that it has considered each sentencing factor nor to make specific findings as to the facts pertaining to the factors or the weight given them. *State v. Wright*, 33 Neb. App. 929, 29 N.W.3d 830 (2026). The sentence imposed is within statutory limits. The record does not show that the district court considered any inappropriate factors when fashioning the sentence. Johnson has not shown an abuse of discretion.

## CONCLUSION

We find that Johson's ineffective assistance of trial counsel claim fails, and that the district court did not abuse its discretion in the sentence imposed. We affirm the judgment of the district court.

AFFIRMED.

- 4 -