Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/05/2021 08:07 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
JOHNNY R. WOODRUFF, APPELLANT.

Filed September 28, 2021.    Nos. A-20-920, A-20-921.

1.  **Sentences: Appeal and Error.** Absent an abuse of discretion by the trial
    court, an appellate court will not disturb a sentence imposed within the
    statutory limits.
2.  **Judgments: Words and Phrases.** An abuse of discretion occurs when a
    trial court's decision is based upon reasons that are untenable or unrea-
    sonable or if its action is clearly against justice or conscience, reason,
    and evidence.
3.  **Effectiveness of Counsel: Constitutional Law: Statutes: Records:
    Appeal and Error.** Whether a claim of ineffective assistance of trial
    counsel can be determined on direct appeal presents a question of law,
    which turns upon the sufficiency of the record to address the claim
    without an evidentiary hearing or whether the claim rests solely on the
    interpretation of a statute or constitutional requirement.
4.  **Effectiveness of Counsel: Appeal and Error.** In reviewing claims of
    ineffective assistance of counsel on direct appeal, an appellate court
    decides only whether the undisputed facts contained within the record
    are sufficient to conclusively determine whether counsel did or did not
    provide effective assistance and whether the defendant was or was not
    prejudiced by counsel's alleged deficient performance.
5.  **Sentences: Appeal and Error.** Where a sentence imposed within the
    statutory limits is alleged on appeal to be excessive, the appellate court
    must determine whether a sentencing court abused its discretion in con-
    sidering and applying the relevant factors as well as any applicable legal
    principles in determining the sentence to be imposed.
6.  **Sentences.** In determining a sentence to be imposed, relevant factors
    customarily considered and applied are the defendant's (1) age, (2) men-
    tality, (3) education and experience, (4) social and cultural background,
    (5) past criminal record or record of law-abiding conduct, and (6)

motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.

7. ____. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

8. **Appeal and Error.** An appellate court may, at its option, notice plain error.

9. ____. Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process.

10. **Sentences: Appeal and Error.** A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review.

11. **Sentences.** The trial court's discretion to direct that sentences be served either concurrently or consecutively applies equally to terms of imprisonment and terms of post-release supervision and presumably includes discretion to make one form consecutive and the other concurrent.

12. ____. Credit for time served is not discretionary, but instead, based on the record, an absolute and objective number.

13. ____. Whether a defendant is entitled to credit for time served and in what amount are questions of law.

14. ____. When consecutive sentences are imposed for two or more offenses, periods of presentence incarceration may be credited only against the aggregate of all terms imposed.

15. ____. An offender who receives consecutive sentences is entitled to credit against only the first sentence imposed.

16. **Pleas: Waiver.** Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge.

17. **Effectiveness of Counsel: Pleas.** When a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel.

18. **Effectiveness of Counsel: Records: Appeal and Error.** When a defendant's counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record.

19. **Effectiveness of Counsel: Proof.** Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466

U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.

20. ____: ____. To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law.

21. **Effectiveness of Counsel: Pleas.** In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

22. **Convictions: Effectiveness of Counsel: Pleas: Proof.** When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty.

23. **Effectiveness of Counsel: Proof.** The two prongs of the ineffective assistance of counsel test under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), may be addressed in either order.

24. **Effectiveness of Counsel: Records: Appeal and Error.** Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal depends upon the sufficiency of the record to address the claim to determine whether a defense counsel's performance was deficient and whether the defendant was prejudiced by the alleged deficient performance.

25. ____: ____: ____. The record on direct appeal is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy.

26. **Effectiveness of Counsel: Words and Phrases.** A claim of ineffective assistance of counsel that is insufficiently stated is no different than a claim not stated at all.

27. **Effectiveness of Counsel: Appeal and Error.** If insufficiently stated, an assignment of error and accompanying argument will not prevent the procedural bar accompanying the failure to raise all known or apparent claims of ineffective assistance of trial counsel.

28. **Appeal and Error.** Assignments of error regarding ineffective assistance of counsel on direct appeal must be both specifically assigned and specifically argued.

29. **Effectiveness of Counsel.** Where the record refutes a claim of ineffective assistance of trial counsel, no recovery may be had.

Appeals from the District Court for Douglas County: MARLON A. POLK, Judge. Judgment in No. A-20-920 affirmed as modified, and cause remanded for resentencing. Judgment in No. A-20-921 affirmed as modified.

Jon S. Natvig for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

PIRTLE, Chief Judge, and MOORE and BISHOP, Judges

PIRTLE, Chief Judge.

## I. INTRODUCTION

Johnny R. Woodruff appeals from his plea-based convictions and sentences in two separate cases in the district court for Douglas County. The cases were consolidated both in the district court and on appeal. Woodruff asserts that the sentences imposed are excessive and that his trial counsel provided ineffective assistance. We affirm as modified in both cases and remand for resentencing in case No. A-20-920.

## II. BACKGROUND

The State charged Woodruff with criminal offenses in three separate cases. On November 23, 2020, Woodruff agreed to plead no contest to the charges in the two cases involved in this appeal in exchange for the State's dismissal of the charges in the third case. In case No. A-20-920, Woodruff pled no contest to one count of third degree domestic assault (second offense), a Class IIIA felony. In case No. A-20-921, Woodruff pled no contest to possession of a controlled substance (methamphetamine), a Class IV felony.

Prior to accepting Woodruff's pleas, the district court advised him that he was giving up certain constitutional rights, including the right to a jury trial, the right to confront witnesses against him, the right to present evidence in his defense, and the right against self-incrimination. The court

additionally advised Woodruff of the charges against him and the range of penalties. Woodruff stated that he understood these advisements.

The State provided a factual basis to support Woodruff's no contest pleas. In summary, the State would have provided evidence at trial which showed that Woodruff had been involved in an altercation with his girlfriend. When the girlfriend took her belongings and began to walk away from him, Woodruff struck her in the nose twice with the palm of his hand, and he subsequently followed her down the street while shouting at her. Woodruff then attempted to take his girlfriend's bag from her. After a struggle, he succeeded in taking possession of the bag and then ran away. Days later, Woodruff was apprehended by law enforcement pursuant to a felony warrant which had been issued following the incident with Woodruff's girlfriend. At that time, police searched Woodruff's person and located a broken pipe and a small bag of methamphetamine. The State advised the court that Woodruff had a prior conviction for third degree domestic assault, and Woodruff agreed to stipulate to the prior conviction.

Woodruff's trial counsel informed the court that she had advised Woodruff not to stipulate to the prior domestic assault conviction, but that Woodruff preferred to "move forward . . . so we don't have to get a continuance." Nevertheless, Woodruff's trial counsel averred that she believed the no contest pleas were in his best interests.

The district court found beyond a reasonable doubt that Woodruff understood the nature of the charges; that he understood the possible penalties; and that the pleas were made freely, knowingly, intelligently, and voluntarily. The court accepted Woodruff's no contest pleas and found him guilty on both counts.

Following the entry of Woodruff's pleas, the district court moved directly into sentencing. Woodruff confirmed to the court that he wished to proceed with sentencing that day. The court sentenced Woodruff to a term of 364 days' incarceration

for the third degree domestic assault conviction in case No. A-20-920 and to 180 days' incarceration for the possession of a controlled substance conviction in case No. A-20-921. The court ordered that the two sentences run consecutively to each other. The district court gave Woodruff credit for 171 days' time served per offense via a separate order entered in each case. The court additionally ordered Woodruff to serve a 12-month term of post-release supervision in case No. A-20-921.

On December 15, 2020, Woodruff filed pro se motions to withdraw his pleas in both cases, accompanied by a sworn affidavit. The record presented before this court does not show whether the district court ruled on the motions to withdraw Woodruff's pleas. Subsequently, on December 23, Woodruff filed a notice of intent to appeal in both cases. We granted the State's motion to consolidate the cases for disposition in this court; however, Woodruff has filed separate (albeit nearly identical) briefs.

## III. ASSIGNMENTS OF ERROR

Woodruff assigns that the district court abused its discretion in imposing excessive sentences. He also assigns that his trial counsel was ineffective in four respects.

## IV. STANDARD OF REVIEW

[1,2] Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Estrada Comacho*, 309 Neb. 494, 960 N.W.2d 739 (2021). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

[3,4] Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Lowman*, 308 Neb. 482, 954 N.W.2d

905 (2021). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

## V. ANALYSIS

### 1. Sentences

#### (a) Excessive Sentences

Woodruff first assigns that the district court imposed excessive sentences. He argues that the court did not "seriously and properly" consider appropriate mitigating factors due to the lack of a presentence investigation report. Brief for appellant in case No. A-20-920 at 9. He argues that his sentences exceed the amount of time necessary to provide rehabilitative training and/or treatment services through the Nebraska Department of Correctional Services.

Woodruff was convicted of one count of third degree domestic assault (second offense) in violation of Neb. Rev. Stat. § 28-323(1) and (4) (Reissue 2016), a Class IIIA felony, and of one count of possession of a controlled substance (methamphetamine) in violation of Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 2020), a Class IV felony. A Class IIIA felony carries a possible penalty of up to 3 years' imprisonment, and a Class IV felony carries a possible penalty of up to 2 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020). The district court sentenced Woodruff to 364 days' incarceration for the third degree domestic assault conviction and a consecutive sentence of 180 days' incarceration for the possession of a controlled substance conviction. These sentences are well within the statutory limits.

[5-7] Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion

in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Estrada Comacho, supra.* In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Woodruff argues that the district court erred in imposing a term of 12 months' post-release supervision for his possession of a controlled substance conviction in case No. A-20-921, stating that "if a term of probation was unrealistic, a term of Supervised Release is nothing more than an opportunity to fail." Brief for appellant in case No. A-20-921 at 10. Woodruff further argues that the district court failed to give adequate weight to mitigating factors; however, he does not specify in his brief what those factors are. Importantly, in this case, Woodruff advised the court that he wished to proceed to sentencing at the same hearing in which he entered his no contest pleas. Therefore, Woodruff effectively waived his right for the probation office to complete a presentence investigation report which may have provided insight into potential mitigating factors.

Considering Woodruff's election to forgo a presentence investigation report and separate sentencing hearing, the fact that his sentences in both cases are within the lower part of the sentencing ranges provided by statute, and our standard of review, we find no abuse of discretion in the sentences imposed. There is no indication that the district court took

into consideration any inappropriate factors in reaching its sentencing determination. This argument fails.

### (b) Post-Release Supervision

On appeal, the State notes that although Woodruff does not assign it as error, the district court committed plain error by failing to impose a term of post-release supervision on Woodruff's third degree domestic assault conviction in case No. A-20-920. In that case, Woodruff was sentenced to 364 days' incarceration, and the sentence was ordered to run consecutively to Woodruff's sentence in case No. A-20-921.

[8-10] An appellate court may, at its option, notice plain error. *State v. Guzman*, 305 Neb. 376, 940 N.W.2d 552 (2020). Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Galvan*, 305 Neb. 513, 941 N.W.2d 183 (2020), *modified on denial of rehearing* 306 Neb. 498, 945 N.W.2d 888. A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *Id.*

[11] Neb. Rev. Stat. § 29-2204.02(1)(b) (Reissue 2016) provides that in imposing a sentence for a Class IIIA felony, the court shall "[i]mpose a sentence of post-release supervision . . . within the applicable range in section 28-105." Section 28-105(1) provides that when a defendant is sentenced to a term of imprisonment following a conviction for a Class IIIA felony, the court shall impose a maximum term of post-release supervision of 18 months and a minimum term of 9 months. The district court failed to impose a period of post-release supervision in case No. A-20-920. Accordingly, the district court's sentence does not comport with the statutory requirements and amounts to plain error. Therefore, we must remand Woodruff's sentence in case No. A-20-920 with directions

to resentence him in accordance with § 29-2204.02(1)(b). Pursuant to § 29-2204.02(7)(c), the court must also state whether the terms of post-release supervision in the two cases are to be served concurrently or consecutively. See *State v. Galvan, supra* (trial court's discretion to direct that sentences be served either concurrently or consecutively applies equally to terms of imprisonment and terms of post-release supervision and presumably includes discretion to make one form consecutive and the other concurrent).

### (c) Sentencing Credit

[12,13] We additionally find plain error with respect to the district court's allotted credit to Woodruff for time served. Credit for time served is not discretionary, but instead, based on the record, an absolute and objective number. *State v. Bree*, 285 Neb. 520, 827 N.W.2d 497 (2013). Whether a defendant is entitled to credit for time served and in what amount are questions of law. *State v. Wills*, 285 Neb. 260, 826 N.W.2d 581 (2013).

[14,15] The district court credited Woodruff 171 days' time served per offense, thereby granting him a total of 342 days' time served. The amount of time credited in each case was for the same period of incarceration. Pursuant to Neb. Rev. Stat. § 83-1,106 (Reissue 2014), "[c]redit against the maximum term and any minimum term shall be given to an offender for time spent in custody as a result of . . . the conduct on which such a charge is based." However, the Nebraska Supreme Court has clarified that "when consecutive sentences are imposed for two or more offenses, periods of presentence incarceration may be credited only against the aggregate of all terms imposed." *State v. Custer*, 292 Neb. 88, 116-17, 871 N.W.2d 243, 264 (2015). See, also, *State v. Williams*, 282 Neb. 182, 802 N.W.2d 421 (2011) (offender who receives consecutive sentences is entitled to credit against only first sentence imposed). Therefore, Woodruff should not have been granted 171 days' time served per conviction, because the sentences were ordered to be served consecutively. See *State v. Custer, supra*.

The district court erred in granting Woodruff 171 days' credit for time served in both case No. A-20-920 and case No. A-20-921. We therefore modify the sentencing orders in both cases to reflect that 171 days' time served shall be credited against Woodruff's sentence in case No. A-20-920 only and that no credit shall be applied toward his sentence in case No. A-20-921.

### 2. Ineffective Assistance of Counsel

[16,17] Woodruff assigns that his trial counsel provided ineffective assistance. Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id.*

[18] Woodruff has different counsel on direct appeal than he did at trial. When a defendant's counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *Id.*

[19-23] Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Blaha, supra*. To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Id.* When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance

of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* The two prongs of the ineffective assistance of counsel test under *Strickland* may be addressed in either order. *State v. Blaha, supra*.

[24,25] Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal depends upon the sufficiency of the record to address the claim to determine whether a defense counsel's performance was deficient and whether the defendant was prejudiced by the alleged deficient performance. *State v. Theisen*, 306 Neb. 591, 946 N.W.2d 677 (2020). The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id.*

Woodruff asserts, reordered, that he received ineffective assistance of trial counsel when his attorney (a) failed to file pretrial motions, (b) failed to produce mitigating evidence at sentencing, (c) failed to review discovery with Woodruff, and (d) failed to provide competent advice regarding the plea agreement.

(a) Failure to File Pretrial Motions

Woodruff first claims that his counsel was ineffective when she failed to file pretrial motions. He argues that "[t]hough requested, no dispositive motions were filed by Trial Counsel despite his request . . . ." Brief for appellant in case No. A-20-920 at 12. However, Woodruff does not specify what motions he requested his trial counsel to file.

[26,27] This allegation of ineffective assistance of counsel has not been sufficiently pled. The totality of Woodruff's argument in support of this claim consists of a single sentence, quoted above. He does not identify the type of motions his trial counsel should have filed or the underlying evidence or

facts which would support such motions. It has been held that a claim of ineffective assistance of counsel that is insufficiently stated is no different than a claim not stated at all. *State v. Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014). Therefore, if insufficiently stated, an assignment of error and accompanying argument will not prevent the procedural bar accompanying the failure to raise all known or apparent claims of ineffective assistance of trial counsel. *Id.*

[28] We note that in case No. A-20-920, the domestic assault case, Woodruff's trial counsel filed a motion to depose the alleged victim. In his argument section, Woodruff asserts that "no deposition was ever taken" and that his counsel was ineffective for "not pursuing pretrial motions filed." Brief for appellant in case No. A-20-920 at 12. However, because he did not specifically assign as error that his counsel was ineffective in this respect, we do not consider this issue on appeal. See *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019) (assignments of error regarding ineffective assistance of counsel on direct appeal must be both specifically assigned and specifically argued). Woodruff's brief in case No. A-20-921, the possession of a controlled substance case, does assign as error that trial counsel "failed to file and or follow up on pretrial motions." However, the record before this court does not show any motions filed in that case which trial counsel could have pursued.

We determine that Woodruff's allegation of deficient conduct related to the filing of pretrial motions has not been pled with the specificity necessary to avoid a procedural bar.

(b) Failure to Produce Evidence at Sentencing

Woodruff next assigns in both cases that his trial counsel was ineffective when she failed to produce "mitigating information at sentencing which would have resulted in a lesser sentence." He argues that "at his plea and sentencing hearing the State could not certify a necessary prior conviction; trial counsel stipulated to the conviction without consulting [Woodruff]

or the record for completeness." Brief for appellant in case No. A-20-920 at 12. Aside from the issue of the prior conviction, Woodruff does not specify any other evidence which his trial counsel failed to present.

To the extent that Woodruff argues his trial counsel performed deficiently by stipulating to the existence of a prior domestic assault conviction without properly advising Woodruff of the consequences, this argument is refuted by the record.

The record reflects that during a scheduled pretrial hearing, Woodruff's trial counsel informed the court that the State had relayed a plea offer to her, but that she had not yet had an opportunity to discuss the offer with Woodruff. A recess was held so that Woodruff could confer privately with his trial counsel. After the hearing resumed, Woodruff's counsel stated that Woodruff had decided to accept the State's offer. Following the plea colloquy and the reading of the State's factual basis, the following conversation took place:

THE COURT: [Defense counsel], anything to add to that factual basis?

[Defense counsel:] Nothing to add, Judge. [F]or purposes of the plea, my understanding is that [the State] isn't able to provide a certified copy of his prior. My understanding is my client wants to move forward and stipulate to the prior offense so we don't have to get a continuance. I would note that it would be generally against my advice to do that, but my understanding is that . . . even though I've made this information clear to [him], he still wants to go forward with the plea today, so that means that he has to stipulate.

THE COURT: Is that what you want to do, sir?

[Woodruff:] Yes, sir.

THE COURT: Okay. Then, [defense counsel], you believe the no contest pleas are in his best interests, under the circumstances?

[Defense counsel:] Yes, Judge.

[29] The record shows that Woodruff was specifically advised by his trial counsel against stipulating to the existence of a prior conviction and that he nevertheless confirmed his desire to proceed with the plea and sentencing. We therefore conclude that Woodruff cannot prove prejudice resulting from this alleged failure of his trial counsel. And, where the record refutes a claim of ineffective assistance of trial counsel, no recovery may be had. See *State v. Liner*, 24 Neb. App. 311, 886 N.W.2d 311 (2016).

To the extent that Woodruff intended this assignment of error to encompass other "mitigating information" which his trial counsel failed to present, he has not pled this claim with sufficient specificity to avoid a procedural bar. This argument fails.

### (c) Failure to Review Discovery

Woodruff assigns in both cases that his trial counsel was ineffective when she "failed to share and review discovery" with him. He argues that he was informed of the existence of certain exculpatory evidence which his counsel did not discuss or review with him prior to the plea hearing.

Because it is not clear what the alleged exculpatory evidence consisted of, nor what communications Woodruff exchanged with his trial counsel, we determine that the record on direct appeal is insufficient to address this claim of ineffective assistance of counsel.

### (d) Failure to Offer Competent Advice

Finally, in case No. A-20-290, Woodruff assigns that his trial counsel "provided deficient advice with respect to pleading, waiving a trial and to sentencing." This allegation of ineffective assistance of counsel has not been sufficiently pled. The allegation is vague, and Woodruff does not allege the conduct he claims constituted deficient performance.

We determine that Woodruff's allegation of deficient advice which related to pleading, waiving trial, and sentencing has

not been pled with the specificity necessary to avoid a procedural bar.

## VI. CONCLUSION

We affirm Woodruff's convictions in both cases. However in case No. A-20-920, we remand the matter to the district court for resentencing and to determine whether the post-release supervision is to be served concurrently or consecutively to the post-release supervision in case No. A-20-921. Further, we modify the sentencing orders in both cases to reflect that 171 days' time served shall be credited against Woodruff's sentence in case No. A-20-920 only and that no credit shall be applied toward his sentence in case No. A-20-921. We also conclude either that all of Woodruff's claims of ineffective assistance of counsel fail or that the record on appeal is insufficient to address them.

Judgment in No. A-20-920 affirmed as modified, and cause remanded for resentencing.
Judgment in No. A-20-921 affirmed as modified.