IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. CANALES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ERNESTO A. CANALES, APPELLANT.

Filed February 11, 2025.    No. A-24-336.

Appeal from the District Court for Lancaster County: LORI A. MARET, Judge. Affirmed.

Candice C. Wooster, of Brennan, Nielsen & Wooster Law Offices, for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

RIEDMANN, Chief Judge, and MOORE and WELCH, Judges.

MOORE, Judge.

## I. INTRODUCTION

Ernesto A. Canales appeals from his plea-based conviction in the district court for Lancaster County of first degree sexual assault, for which he was sentenced to a term of 49 to 50 years' imprisonment. Canales claims on appeal that he was denied the effective assistance of trial counsel and that the district court abused its discretion by imposing an excessive sentence. We affirm.

## II. STATEMENT OF FACTS

On March 16, 2022, Canales was charged by information with first degree sexual assault of a child, a Class IB felony in violation of Neb. Rev. Stat. § 28-319.01 (Reissue 2016).

An amended information was filed on February 22, 2024, charging Canales with first degree sexual assault, a Class II felony in violation of Neb. Rev. Stat. § 28-319 (Reissue 2016).

- 1 -

At a plea hearing held the same day, Canales appeared with a Spanish interpreter. The State arraigned Canales on the amended information, explaining the charge, factual allegations supporting the charge, and possible penalties, all of which Canales indicated he understood. Canales pled no contest.

As the district court began the rights colloquy, the interpreter inquired as to whether Canales needed a Spanish interpreter because he was answering the court's questions in English. Upon inquiry by the court, Canales stated, "English is my second language, ma'am. . . I understand . . . a little bit. But I really need one because [there are] words in English that I don't understand very well . . . and I don't want to [mess] up anything[.] So, I do need [an] interpreter."

The district court acknowledged that though Canales understood some English, because the plea hearing would involve legal terms, it would be helpful to Canales to have his "first language as an interpretation." The court determined that the proceedings should continue to be interpreted. The court also advised Canales that if he needed additional explanation at any point in the proceedings, he should "stop so that we can provide you with more explanation either in Spanish or English or in spending more time talking to your lawyer."

The district court thoroughly advised Canales of his various constitutional rights, and Canales affirmatively indicated that he understood his rights and that he was freely and voluntarily waiving his rights. The court again explained to Canales the possible penalties associated with a Class II felony, which Canales indicated he understood.

The State recited the factual basis which showed that a 14-year-old female, D.K., disclosed that Canales had been "raping her for years." Canales was D.K.'s mother's boyfriend and he was 42 years old at the time of the disclosure. D.K.'s disclosure was reported to law enforcement, and she later underwent a forensic interview.

In her forensic interview, D.K. disclosed that Canales began touching her vagina both over and under her clothes when she was approximately 7 years old. Canales also touched her breasts and buttocks. Canales later began penetrating her vagina with his fingers. Canales also began subjecting her to penile-vaginal penetration. The penile-vaginal penetration occurred almost daily when D.K. was between the ages of 11 and 13 years old. D.K. told the interviewer that most incidents would occur in the bathroom or in Canales' bedroom of their shared family home. D.K. stated that her siblings and her mother were usually sleeping or out of the home when the sexual contact occurred.

Ultimately D.K. disclosed that Canales had penetrated her vagina with his penis more than 20 times, and digitally penetrated her vagina more than 10 times, all without her consent. The events occurred in Lancaster County, Nebraska.

After hearing the factual basis, Canales confirmed that he discussed the plea proceedings with his attorney, that his attorney discussed the charges and all possible defenses he might have if he proceeded to trial, that he told his attorney everything he knew about his case, that he had enough time to talk with his attorney about his case, and that he believed his attorney to be competent and was satisfied with the job his attorney had done.

The State advised the district court of the plea agreement wherein the State agreed to file an amended information reducing the charge contained in the original information in exchange for Canales' plea of guilty or no contest. Canales confirmed his understanding of the plea agreement; that no one made any threats, used any force, or made any promises to get him to enter a plea; and

that he understood the appropriate sentence was entirely up to the court's discretion. Canales indicated that he still wished to plead no contest to the amended information.

The district court found beyond a reasonable doubt that Canales fully understood his rights and freely and voluntarily waived them; that he was acting voluntarily; that he fully understood the charges set forth in the amended information and the consequences of his plea; that his plea was made freely, voluntarily, knowingly, and intelligently; and that there was a sufficient factual basis for the court to accept the plea. The court accepted the plea and found Canales guilty beyond a reasonable doubt of the charge.

A sentencing hearing was held on April 1, 2024. Canales again appeared with an interpreter. The court noted that it had reviewed the completed presentence investigation report (PSR), and it heard remarks from counsel and Canales. Canales' trial attorney added to the PSR certificates of completion and an official transcript of the educational work and courses Canales took while in jail. The court sentenced Canales to a term of 49 to 50 years' imprisonment and found the offense constituted an aggravated registerable offense that resulted in lifetime registration under the Sex Offender Registration Act. Canales was given 839 days credit for time served.

Canales appeals.

## III. ASSIGNMENTS OF ERROR

Canales assigns that his trial counsel was ineffective in (1) failing to review discovery with Canales; (2) failing to provide Canales with translated discovery; (3) failing to depose the victim; and (4) failing to provide the district court with character letters in support of Canales. Canales also assigns that the district court abused its discretion by imposing an excessive sentence.

## IV. STANDARD OF REVIEW

Whether a claim of ineffective assistance of counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Npimnee*, 316 Neb. 1, 2 N.W.3d 620 (2024). In reviewing a claim of ineffective assistance of counsel on direct appeal, an appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id*.

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Woolridge-Jones*, 316 Neb. 500, 5 N.W.3d 426 (2024). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

## V. ANALYSIS

### 1. INEFFECTIVE ASSISTANCE OF COUNSEL

Through different counsel, Canales contends that his trial counsel provided ineffective assistance in four ways. When a defendant's trial counsel is different from his or her counsel on

direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. German*, 316 Neb. 841, 7 N.W.3d 206 (2024). Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *State v. Clark*, 315 Neb. 736, 1 N.W.3d 487 (2024). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *State v. German, supra*. When a claim of ineffective assistance of counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id*.

Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id*. The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024). To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. To show prejudice from counsel's deficient performance, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. When a conviction is based upon a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading no contest. *Id*.

(a) Failure to Review Discovery With Canales

Canales first argues that his trial counsel was ineffective for failing to review discovery with him. He contends that due to this failure, Canales was unable to make an informed decision regarding the resolution of his case, to provide trial counsel with input regarding the accuracy of the discovery, and to provide trial counsel with the names of possible witnesses.

The record on appeal is insufficient to address this claim. We acknowledge that Canales was present at the plea hearing and heard the factual allegations against him, after which Canales indicated he still wished to proceed with his no contest plea. He further told the district court that

he had fully discussed the plea proceedings, his charge, all his possible defenses, and everything he knew about his case with his attorney, and he was satisfied with the job his attorney had done. Nevertheless, Canales' claim that counsel failed to review the discovery with him is not specifically refuted by the record and is thus preserved for postconviction review. See, *State v. Woodruff*, 30 Neb. App. 193, 965 N.W.2d 836 (2021) (record on direct appeal insufficient to address claim that trial counsel failed to share and review discovery with defendant).

### (b) Failure to Provide Translated Discovery

Canales next argues that his trial counsel was ineffective in failing to provide Canales with discovery translated into Spanish, his primary language. Canales asserts that he was unable to make an informed decision regarding the resolution of his case as he was not fully aware of the evidence the State had against him without the translation of D.K.'s forensic interview and other discovery.

Similar to the above claim, the record on appeal is insufficient to address this claim. While Canales was present with an interpreter at the plea hearing and heard the factual allegations against him in Spanish, the record does not address whether counsel provided the forensic interview or other discovery to Canales in Spanish. Because the record does not affirmatively refute this allegation, we find that it is sufficiently preserved for postconviction review.

### (c) Failure to Depose Victim

Canales next argues that his trial counsel was ineffective for failing to depose the victim. He asserts that he specifically requested his counsel depose D.K., and had counsel done so, there would be evidence which disproved the allegation that he subjected D.K. to penile penetration. Canales contends the evidence contained in D.K.'s deposition would have led to a different plea agreement and a lower sentence.

The record on appeal is sufficient to address this claim. D.K. was forensically interviewed following her disclosure and a summary of her statements made in the interview were contained within the factual basis. Once again, Canales heard the factual basis, including the allegations from D.K.'s forensic interview that Canales had subjected D.K. to penile-vaginal intercourse almost daily when she was between the ages of 11 and 13 years old. D.K.'s forensic interview statements were summarized to the effect that Canales had penetrated her vagina with his penis more than 20 times, and he had digitally penetrated her vagina more than 10 times. After hearing that factual basis, Canales proceeded with the plea, and assured the district court that he fully discussed everything he knew about the case, including all possible defenses, with his attorney. Canales has failed to show that his trial counsel was deficient in this regard.

### (d) Failure to Provide Character Letters to Court

Finally, Canales argues that his trial counsel was ineffective in failing to provide the district court with 30 to 40 character letters from his friends and family. He contends that had the court reviewed the characters letters, which provided mitigating information such as his good character, acceptance of responsibility, and efforts toward rehabilitation, Canales would have received a lower sentence.

The record on appeal is sufficient to address this claim. At sentencing, trial counsel argued that Canales had a limited criminal history, has "positive and supportive relationships with his family," and was "open to the specific treatment suggestions that were made by the probation office." Trial counsel also noted that Canales had been incarcerated for over 2 years at the time of sentencing, had been diligently participating in programming while incarcerated, and was prepared to make a better life for himself. Trial counsel specifically requested that the district court sentence Canales "to time served plus probation to help him to work on the other issues that he has in his life."

Some of the mitigating factors that Canales suggests were contained in the letters were already presented to and considered by the district court through trial counsel's argument at sentencing and the PSR. Any additional letters attesting to Canales' character and acceptance of responsibility would not have impacted the district court's decision given its focus on the circumstances of the offense. Thus, Canales cannot establish prejudice by trial counsel's alleged failure to provide character letters to the court. See *State v. Miller, supra* (to show prejudice the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different).

## 2. EXCESSIVE SENTENCE

Canales also claims that the district court abused its discretion when it imposed an excessive sentence.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024). The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*. See, also, *State v. Rogers*, 297 Neb. 265, 899 N.W.2d 626 (2017) (sentencing court is accorded very wide discretion in imposing sentence).

Canales was convicted of first degree sexual assault, a Class II felony. A Class II felony is punishable by a minimum of 1 year and a maximum of 50 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). Canales' sentence of 49 to 50 years' imprisonment is within the statutory limit.

Canales nevertheless claims that the district court abused its discretion, arguing that his plea saved judicial resources and that he had availed himself of numerous educational classes while incarcerated. Canales contends that a lesser sentence would be better suited to Canales' rehabilitative needs.

The PSR shows that Canales was 45 years old at the time the report was prepared, was single with five dependents, has a sixth-grade education, and had previously been employed at a company that produced wood pallets. His criminal history consists of possessing an open alcohol container, urinating in public, careless driving so as to endanger, and driving under suspension. For these convictions Canales was subject to fines. On the Level of Service/Case Management

Inventory, Canales scored in the overall high risk to reoffend category. Canales was also administered the Vermont Assessment for Sex Offender Risk and the Sex Offender Treatment Intervention and Progress Scale, which are designed to assess the risk posed by adult males who have been convicted of at least one qualifying sex offense. He scored in the low risk range on both assessments.

The PSR also indicates that Canales has been accused of sexual assault by three additional juvenile female victims within the past 15 years. Accusations made by a 16-year-old in 2009 and a 5-year-old in 2011 did not result in any charges. However, in June 2021, Canales was arrested by the Sioux City (Iowa) Police Department following allegations made by his 6-year-old biological daughter that Canales had digitally penetrated her vagina and anus on two separate occasions. It appears the criminal case against Canales in Iowa was active at the time of the report.

At the sentencing hearing, the district court indicated that it had reviewed the statutory factors as well as the PSR, which contained the mitigating factors argued by Canales. The court described Canales as "a danger to society," who had "ruined so many lives . . . to satisfy [his] own grotesque and monstrous desires." The court found that imprisonment of Canales was necessary for the protection of the public because the risk was substantial that during any period of probation Canales would engage in additional criminal conduct, and because a lesser sentence would depreciate the seriousness of Canales' crime and promote disrespect for the law.

We find no abuse of discretion by the district court in the sentences imposed.

## VI. CONCLUSION

Canales' claims that his trial counsel was ineffective in failing to depose the victim and to provide character letters to the court are refuted by the record. The record is insufficient to address the remaining claims that trial counsel was ineffective. The district court did not abuse its discretion in the sentence imposed. Canales' conviction and sentence are affirmed.

AFFIRMED.