IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. KELLY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

AUSTIN KELLY, APPELLANT.

Filed May 6, 2025.   No. A-24-692.

Appeal from the District Court for Hall County: ANDREW C. BUTLER, Judge. Affirmed.

Mitchell C. Stehlik, of Stehlik Law Firm, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.

RIEDMANN, Chief Judge, and BISHOP and ARTERBURN, Judges.

RIEDMANN, Chief Judge.

## INTRODUCTION

Pursuant to a no contest plea to one charge of conspiracy to commit robbery, 17-year-old Austin Kelly was convicted and sentenced to 18 to 38 years' imprisonment. On appeal, he asserts his trial counsel was ineffective in various ways and that his sentence was excessive. We find the record is insufficient to address two of Kelly's ineffective assistance of counsel claims but otherwise affirm his conviction and sentence.

## BACKGROUND

Kelly was charged with robbery, two counts of accessory to a felony, and conspiracy to commit robbery in the district court for Hall County. He filed a motion to transfer jurisdiction to the juvenile court, and after a hearing, the district court denied the motion in an order entered July 10, 2023. Kelly did not appeal this order.

- 1 -

On May 14, 2024, Kelly and the State entered into a written plea agreement wherein Kelly agreed to plead to conspiracy to commit robbery, a Class II felony, and the State would dismiss the remaining charges. As part of the plea agreement, Kelly waived the right to appeal the denial of his motion to transfer to juvenile court. Kelly also agreed that he had a full understanding of the terms of the agreement, and that he had the opportunity to discuss, and had discussed, the terms of the agreement with counsel. At the plea hearing, the parties agreed that in finding a factual basis to support the charge, the district court could consider the written plea agreement and the information presented at the hearing on the motion to transfer. Kelly pled no contest to the charge.

Summarized, the information from the plea agreement and hearing on the motion to transfer showed that in the early morning hours of March 9, 2023, Kelly, then 16 years old, and other individuals were present at a barn in a horse racing facility. An individual with Kelly shot a man in the stomach, and Kelly and his companions fled. After meeting in a parking lot, Kelly suggested they go back to the barn because the victim had money in his wallet. Kelly, along with the shooter and one other individual, went back to the barn. The shooter took a baseball bat from his room inside the barn, and Kelly and the shooter went to the victim's room. The victim was still alive, and the shooter struck him on the back of the head with the bat, rendering him unconscious. Kelly removed the man's wallet from his pants, and they again fled the scene. Kelly, the shooter, and one other individual divided the money from the victim's wallet. The victim was found deceased later that morning.

The district court accepted Kelly's plea and found him guilty of the charge. It ordered a presentence investigation report (PSI). For his conviction of conspiracy to commit robbery Kelly received a sentence of 18 to 38 years' imprisonment. He received credit for 48 days previously served. Kelly appeals.

## ASSIGNMENTS OF ERROR

Kelly assigns that he received ineffective assistance of trial counsel when trial counsel failed to: (1) timely appeal the denial of his motion to transfer the case to juvenile court, (2) consult with Kelly on the ramifications of waiving the right to appeal the denial of the motion to transfer and on the plea agreement, (3) request an investigator be appointed to assist in trial preparation, and (4) request a psychological evaluation for purposes of sentencing. Kelly also assigns that the district court erred in the length and nature of the sentence imposed.

## STANDARD OF REVIEW

Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *State v. Adams*, 33 Neb. App. 212, 12 N.W.3d 114 (2024). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

A sentence imposed within statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Horne*, 315 Neb. 766, 1 N.W.3d 457 (2024). An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id*.

ANALYSIS

Kelly's first four assigned errors are all claims that he received ineffective assistance of trial counsel. Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Haas*, 317 Neb. 919, 12 N.W.3d 787 (2024). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. When a conviction is based upon a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading no contest. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024).

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *Haas, supra.* The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id*. The determining factor is whether the record is sufficient to adequately review the question. *Id*.

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *Id*. When a claim of ineffective assistance of counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id*.

*Failure to Appeal.*

Kelly assigns that trial counsel was ineffective in failing to appeal the denial of his motion to transfer the case to juvenile court. Although our record contains the transfer proceedings, it does not contain any information regarding trial counsel's decision not to appeal. We are therefore unable to review this claim on direct appeal. It is preserved for postconviction review.

*Failure to Consult.*

Kelly assigns that trial counsel was ineffective in failing to consult with him on the ramifications of the waiver of the right to appeal the denial of the motion to transfer to juvenile court and on the plea agreement. The order denying Kelly's motion to transfer to juvenile court was entered July 10, 2023. Pursuant to Neb. Rev. Stat. § 29-1816 (Cum. Supp. 2022), Kelly had to file an appeal of the denial within 10 days. He failed to do so. Thus, when Kelly signed the May 14, 2024, plea agreement, he no longer had the right to appeal the denial of his motion to transfer. He could not waive a right in the plea agreement that he did not have. Kelly cannot establish prejudice related to any alleged failure of trial counsel to consult with him on the ramifications of

waiving the right to appeal the denial of the motion to transfer in the plea agreement. As such, he has failed to show he received ineffective assistance of counsel in this regard.

Kelly also assigns that trial counsel was ineffective in failing to consult with him on the plea agreement. Although the plea colloquy does not address Kelly's understanding of the plea agreement, the written plea agreement includes Kelly's acknowledgement that he fully understood the terms of the plea agreement and that he had an ample opportunity to discuss, and had discussed, the terms of the agreement with trial counsel. Kelly's claim that trial counsel failed to consult with him on the plea agreement is refuted by the record. This claim of ineffective assistance of trial counsel fails.

*Failure to Request Investigator.*

Kelly assigns that trial counsel was ineffective in failing to request an investigator be appointed to assist trial counsel and Kelly in trial preparation. Kelly argues an investigator "may have assisted in providing better information and potential evidence to assist" him. Brief for appellant at 19. We find this claim is insufficiently pled. See *State v. Woodruff*, 30 Neb. App. 193, 965 N.W.2d 836 (2021).

In *Woodruff, supra*, this court determined that an assigned error that trial counsel was ineffective in failing to file pretrial motions was insufficiently pled. The defendant did not identify what motions should have been filed in either the assigned error or the argument. The entirety of the defendant's argument was that no dispositive motions were filed despite his requests. *Id*. When analyzing the claim, we noted that the defendant did not specify the types of motions trial counsel should have filed or the underlying evidence or facts which would support those motions. *Id*. We determined the claim was not sufficiently pled. *Id*.

Here, Kelly's assigned error does not provide information as to the type of evidence or assistance an investigator would have provided, such as interviewing specific witnesses or obtaining certain evidence to support a specific defense, nor does his argument include such information. The broad statement that an investigator should have been requested to assist in trial preparation is akin to the assigned error we found insufficiently pled in *Woodruff, supra*. See, also, *State v. Wood*, 310 Neb. 391, 966 N.W.2d 825 (2021) (holding assignment of error that counsel was ineffective in failing to investigate case fully was insufficiently pled). Likewise, Kelly's assigned error is not sufficiently pled.

A claim of ineffective assistance of counsel that is insufficiently stated is no different than a claim not stated at all. See *Woodruff, supra*. We have determined Kelly's claim that trial counsel was ineffective in failing to request an investigator be appointed is not sufficiently pled, and it is thus not preserved for postconviction review.

*Failure to Request Psychological Evaluation for Sentencing.*

Kelly assigns that trial counsel was ineffective in failing to request a psychological evaluation for purposes of sentencing. He argues that the evidence established he was suffering from mental health conditions, and an evaluation may have provided additional information that, when considered, may have resulted in the district court being more favorable to considering probation. While there is some limited information in the record about Kelly's mental health, it is not sufficient for us to review this claim on direct appeal. See *State v. Esch*, 315 Neb. 482, 997

N.W.2d 569 (2023) (record insufficient to conclusively determine counsel was deficient for failing to retain expert to conduct psychological evaluation). This assigned error is preserved for postconviction review.

*Excessive Sentence.*

Kelly assigns that the district court erred in the length and nature of the sentence imposed. He argues the district court abused its discretion in the length of sentence. We disagree. Kelly was convicted of conspiracy to commit robbery, a Class II felony, which is punishable by a maximum sentence of 50 years' imprisonment and a minimum sentence of 1 year imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2024). For his conviction of a Class II felony, Kelly received a sentence of 18 to 38 years' imprisonment. This is within the statutory limits and we thus review for an abuse of discretion. See *State v. Horne*, 315 Neb. 766, 1 N.W.3d 457 (2024).

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Vaughn*, 314 Neb. 167, 989 N.W.2d 378 (2023). However, the sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

The PSI shows that at the time of sentencing, Kelly was 18 years old and had completed high school. Kelly scored in the medium low risk range in his level of service/case management inventory. He previously struggled with periods of depression and had been prescribed antidepressant medication but would not take it because he did not feel it was needed. Kelly had no criminal history, though he had been fined for careless driving in January 2023. At the sentencing hearing, the State argued that Kelly had tried to minimize his responsibility by saying he felt compelled to go back to the barn but that this was not consistent with witness statements. Kelly's counsel argued that Kelly felt remorse, and that his statements in the PSI reflected this. Counsel also noted that Kelly had graduated high school, was gainfully employed, and had connections in the community.

When pronouncing sentence, the district court noted that it had reviewed the PSI and additional materials, and considered the arguments made at the sentencing hearing. The district court stated it had considered Kelly's age, mentality, education, social background, cultural background, past criminal behavior, past law-abiding conduct, the motivation for the offense, and the nature of the offense. It noted that Kelly had a low score in the PSI and that he had done things to improve his education, his life, and that he was working and received letters of support. However, the district court acknowledged that this was a very violent situation in which an individual had lost his life. It noted that while Kelly had not pulled the trigger, he went back and stole the victim's wallet, and that there were inconsistencies in certain interviews about whether Kelly had the bat. The district court also stated that Kelly was not remorseful during his interview with police and that it took a lot of discussion before Kelly became honest.

The question before us is not whether this court would have imposed the same sentence, but whether the district court abused its discretion in imposing sentence. The district court

reviewed the information presented in the PSI and considered the required factors. We cannot say that the district court's reasons or rulings are clearly untenable and unfairly deprive Kelly of a substantial right and a just result. As such, we do not find that the district court abused its discretion in imposing sentence. This assignment of error fails.

## CONCLUSION

Kelly's claims that trial counsel was ineffective in failing to (1) appeal the denial of his motion to transfer to juvenile court and (2) request a psychological evaluation for purposes of sentencing are preserved for postconviction review. His remaining claims of ineffective assistance of trial counsel, and his claim that the district court abused its discretion in imposing sentence, fail. We affirm Kelly's conviction and sentence.

AFFIRMED.