IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MILLARD

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CODY MILLARD, APPELLANT.

Filed December 2, 2025.    No. A-25-268.

Appeal from the District Court for Adams County: TIMOTHY E. HOEFT, Judge. Affirmed.

Remington S. Slama, of Klein, Brewster, Brandt & Messersmith, for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

RIEDMANN, Chief Judge, and MOORE and WELCH, Judges.

RIEDMANN, Chief Judge.

INTRODUCTION

Cody Millard appeals from his conviction and sentence in the district court for Adams County. Following our review, we affirm the judgment of the district court.

BACKGROUND

Millard was charged with possession of a controlled substance with intent to distribute, a Class IC felony. This charge was later amended to attempted distribution of a controlled substance, a Class IIA felony. Millard pled no contest to the amended charge. Millard had charges in multiple cases, and as part of a global plea agreement, he also agreed to plead no contest to a violation of post-release supervision pending in another case. In exchange, the State agreed to dismiss three pending cases against Millard and to withdraw a motion to revoke post-release supervision filed in another case. To support a factual basis for the plea, the State requested that the district court take judicial notice of the affidavit for detention on warrantless arrest filed in this case.

- 1 -

The warrantless arrest affidavit reflected that in September 2023, officers with the Hastings Police Department observed what they believed to be a drug transaction between Millard and another individual. Officers conducted a traffic stop of Millard's vehicle. Millard was searched, and in his pocket was a white crystallized substance that tested presumptively positive for the presence of methamphetamine. Further search revealed additional amounts on Millard's person. The total weight found, including baggies, was approximately 35.2 grams. This amount was believed to be associated with distribution, rather than a "user" amount.

The district court found Millard guilty of the charge and ordered a presentence investigation report (PSI). At the sentencing hearing, trial counsel moved to continue as Millard was staying at a treatment facility and awaiting a bed at a different facility. Millard wished to complete treatment prior to sentencing because he believed it would put him in a better position to be successful if sentenced to probation. The district court denied the motion to continue, noting that the matter had been scheduled since the plea hearing. For his conviction of attempted possession of a controlled substance, a Class IIA felony, Millard received a sentence of 12 to 16 years' imprisonment, with credit for 209 days' served.

## ASSIGNMENTS OF ERROR

Millard assigns that trial counsel was ineffective in failing to truthfully advise him of the expected outcome of his case when advising Millard to plead rather than exercising his right to trial, contrary to Millard's intent expressed to counsel, and in failing to file a motion to continue prior to the date of sentencing, which would have allowed Millard to complete inpatient treatment prior to sentencing. Millard also assigns that the district court abused its discretion by imposing an excessive sentence.

## STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Swartz*, 318 Neb. 553, 17 N.W.3d 174 (2025). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Jones*, 318 Neb. 840, 19 N.W.3d 499 (2025).

## ANALYSIS

*Ineffective Assistance of Counsel*.

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Haas*, 317 Neb. 919, 12 N.W.3d 787 (2024). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of

counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019).

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *Haas, supra*. The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id*. The determining factor is whether the record is sufficient to adequately review the question. *Id*.

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *Id*. When a claim of ineffective assistance of counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id*.

Millard assigns that he received ineffective assistance of counsel when trial counsel failed to truthfully advise him of the expected outcome of his case. Millard argues that prior to entering his plea to the amended charge, trial counsel advised that if Millard accepted the plea agreement, trial counsel would argue for a sentence of probation or a sentence at the low end of the penalty range. He argues trial counsel told Millard the district court would allow him a treatment bond. Millard asserts that when informed of the plea offer, he wanted to proceed to trial, but that trial counsel told Millard if he lost at trial, he would receive a longer jail sentence. He also argues that trial counsel told Millard if he entered a plea, counsel "guaranteed the District Court would agree to a treatment bond." Brief for appellant at 12. We find this claim to be refuted by the record.

At the plea hearing, Millard confirmed for the district court that no one had made any threats or promises, other than the stated plea agreement, to get him to accept the agreement. Millard confirmed that he understood the possible penalty associated with the charge, and that he understood the district court was not bound by recommendations of the State or trial counsel. Although Millard now argues that trial counsel guaranteed Millard that he would receive a treatment bond and told him failing to accept the plea offer would result in a lengthy sentence, this contradicts Millard's confirmation that he had not been threatened or promised anything other than what was in the plea agreement.

Millard argues trial counsel told him that counsel would argue for a sentence of probation or a sentence on the lower end of the penalty range. At the plea hearing, Millard confirmed he understood the possible penalties and that the district court was not bound by counsel's recommendations. At the sentencing hearing, trial counsel requested probation. Although the district court did not impose probation, trial counsel did request it, and Millard was aware that the district court was not bound by counsel's recommendations. The claim that trial counsel was ineffective in failing to truthfully advise Millard of the expected outcome of his case is refuted by the record.

Millard assigns he received ineffective assistance of counsel when trial counsel failed to file a motion to continue prior to sentencing. Millard argues that after entering his plea, he asked trial counsel to file a continuance so that he could complete inpatient treatment prior to sentencing. We find that even if Millard could show deficient performance, he cannot show prejudice.

We first note that counsel made an oral motion for a continuance at the beginning of the sentencing hearing and the State opposed it, citing the age of the case. The court denied the motion and there is nothing in the record to indicate that the court's ruling would have been different if the motion had been made earlier in writing. Furthermore, based on the district court's statements, part of its sentencing decision was based on the amount of methamphetamine Millard possessed, and the fact that he was on post-release supervision at the time of the crime. The district court also referenced the high risk scores Millard received in his PSI. Most of the elements the district court cited to when fashioning a sentence would not have been affected by Millard's completion of inpatient treatment. As such, Millard cannot show he was prejudiced by trial counsel's failure to file a motion to continue prior to sentencing to allow him to complete inpatient treatment. This claim of ineffective assistance of trial counsel fails.

*Excessive Sentence.*

Millard assigns that the district court abused its discretion by imposing an excessive sentence. We find the sentence imposed was not excessive. Millard was convicted of a Class IIA felony, which is punishable by a maximum sentence of 20 years' imprisonment with no minimum sentence required. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2024). For his conviction of a Class IIA felony, Millard received a sentence of 12 to 16 years' imprisonment. This is within the statutory limits, and we review for an abuse of discretion. When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. *State v. Jones*, 318 Neb. 840, 19 N.W.3d 499 (2025). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id*.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. However, the sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

At the time of sentencing, Millard was 39 years old and had a bachelor's degree. Millard had multiple convictions for third degree assault and possession of a controlled substance. His other convictions included driving under the influence, driving under suspension, and theft by shoplifting. Millard scored a very high risk in his level of service case management inventory. When imposing sentencing, the district court stated it had considered Millard's age, criminal history, amenability to services, rehabilitative services, and history with the court, probation, and post-release supervision. It noted that it had considered the assessment scores in the PSI, which

evaluated Millard as a very high risk to reoffend. The district court stated it had reviewed the elements it was required to under Nebraska law.

Millard argues that the record does not contain insight into the conclusions the district court drew from analyzing the required factors, and that it is impossible to properly examine the factors and whether they support the sentence. However, the Nebraska Supreme Court has rejected the notion that a sentencing court does not adequately consider sentencing factors when it does not discuss each one of them during the sentencing hearing. See *State v. Haas*, 317 Neb. 919, 12 N.W.3d 787 (2024); *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). Although the district court did not specifically discuss each factor, it does not mean it did not adequately consider them. The district court's decision not to elaborate on its evaluation of each factor does not render the sentence excessive or an abuse of discretion.

The sentence imposed is within statutory limits. There is no indication that the district court considered any inappropriate factors when imposing the sentence. Based on this record, we cannot say the district court abused its discretion.

## CONCLUSION

We find that both of Millard's claims of ineffective assistance of counsel fail, and that the district court did not abuse its discretion in imposing sentence. We affirm the judgment of the district court.

AFFIRMED.